| | |
|---|---|
| District Court, Adams County, Colorado<br>Court Address: 1100 Judicial Center Drive<br>Brighton, Colorado 80601 | DATE FILED: October 14, 2013 4:17 PM<br>FILING ID: B2C5CE6EC5C08<br>CASE NUMBER: 2013CV32475 |
| **Plaintiff:** EDWARD HAFFNER<br><br>v.<br><br>**Defendant:** SAFEWAY INC., a Delaware corporation; and JANE DOE and JOHN DOE, individuals employed in the Safeway Pharmacy | ▲COURT USE ONLY▲<br><br>Case No:<br><br>2013CV____ |
| Plaintiff's Attorneys:<br>    John Case, Esq. #2431<br>    Kari Jones, Esq. #43288<br>    Co-Counsel for Plaintiff<br>    Benson & Case, LLP<br>    1660 S. Albion Street, Suite 1100<br>    Denver, Colorado 80222<br>Phone Number: (303) 757-8300<br>FAX Number: (303) 753-0444<br>E-mail: case@bensoncase.com; kari@bensoncase.com | Ctrm:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Edward Haffner through counsel, Benson & Case, LLP, states:

## PARTIES AND VENUE

1. Defendant, Safeway Inc. (Safeway) is a Delaware corporation in good standing. Safeway's principle place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588.

2. Safeway's registered agent in Colorado is the United States Corporation Company, located at 1560 Broadway, Suite 2090, Denver, Colorado 80202.

3. At all times relevant to this dispute, Safeway owned and controlled the pharmacy at Safeway Store No. 2917, which is located at 1605 Bridge Street, Brighton, Colorado 80601.

4. On information and belief, Safeway employed pharmacists and technicians at Safeway Pharmacy No. 2917 whose true names are unknown. Said Safeway employees are designated as Jane Doe and John Doe.

5. The Plaintiff Edward Haffner is a resident of Colorado who purchased pharmaceutical products from Safeway.

1

**EXHIBIT E**

6. Venue is proper in the Court pursuant to C.R.C.P. 98(c).

## FACTS

7. On or about October 17, 2011, the Plaintiff went to Safeway Pharmacy No. 2917, located at 1605 Bridge Street, Brighton, Colorado 80601, to pick up a refill of prescription number 4542749 ("the prescription").

8. The prescription was for sixty tablets of Hydroco/Acetam, which is a generic form of Norco pain medication.

9. The Plaintiff required pain medication to recover from a painful knee replacement surgery.

10. The label on the prescription bottle instructed the Plaintiff to take "one or two tablets by mouth every four hours as needed" for pain.

11. The Plaintiff took the medication for pain as instructed on the label.

12. The bottle actually contained Alprazolam, which is an anti-depressant that should be taken one tablet per day.

13. As a result of following instructions on the prescription bottle, the Plaintiff ingested dangerously high levels of Alprazolam, resulting in disorientation, blackouts, unconsciousness, and falls.

14. The Plaintiff suffered injury and damage to his surgically replaced knee.

15. As a result of the acts and omissions of the Defendants, the Plaintiff suffered bodily injuries and harm. The Plaintiff required medical treatment. The Plaintiff incurred expenses for medical and rehabilitative treatment. The Plaintiff endured physical and mental pain and suffering. The Plaintiff suffered temporary and permanent work disability. The Plaintiff suffered lost wages and a loss of earning capacity. The Plaintiff suffered a permanent impairment. The Plaintiff will continue to suffer such injuries, damages and losses in the future.

16. The acts of the Defendants were attended by circumstances of fraud, malice, and willful and wanton conduct, purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, of without regard to the rights and safety of others, particularly the Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Products Liability – Safeway)

17. Plaintiff incorporates all other allegations of this complaint as if fully re-written.

18. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

19. On or about October 17, 2011, at Safeway Store No. 2917 in Adams County, Colorado, Safeway manufactured, sold, and delivered to the Plaintiff a bottle of Alprazolam tablets ("the pharmaceutical drug") which were mislabeled as Hydroco/Acetam.

20. Safeway failed to provide adequate warnings and instructions for use of the pharmaceutical drug.

21. The risk of harm was not apparent to an ordinary consumer from the product or labeling.

22. Safeway was a manufacturer of the pharmaceutical drug sold to Plaintiff.

23. Safeway was engaged in the business of selling pharmaceutical drugs.

24. The pharmaceutical drug was defective, and because of the defect, the pharmaceutical drug was unreasonably dangerous to a person who might be expected to consume it.

25. The pharmaceutical drug was defective at the time it was sold by Safeway or left its control.

26. The pharmaceutical drug was expected to reach the user or consumer without substantial change in the condition in which it was sold.

27. The pharmaceutical drug did reach the user or consumer without substantial change in the condition in which it was sold.

28. The Plaintiff was the person who would reasonably be expected to use, consume, or be affected by the pharmaceutical drug.

29. The defect in the pharmaceutical drug was a cause of the plaintiff's injuries, damages, and losses.

**WHEREFORE**, on his First Claim for Relief Plaintiff requests judgment against Safeway for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
### (Negligence Per Se v. Safeway, Jane Doe, and John Doe)

30. Plaintiff incorporates all other allegations of this complaint as if fully re-written.

31. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

32. At all times relevant, the following statutes were in effect in the state of Colorado:

> **C.R.S. 25-5-403. Offenses.** (1) the following acts and the causing thereof within this state are prohibited:
>
>> (a) the manufacture, sale, or delivery or the holding or offering for sale of any food, drug, device, or cosmetic that is adulterated or misbranded.
>
> **C.R.S. 25-5-415 Misbranding.** (1) A drug or device shall be deemed to be misbranded:
>
>> (a) If its labeling is false or misleading in any particular.

33. A purpose of the above statutes is to protect consumers such as the Plaintiff from harm caused by misbranded drugs.

34. The harm suffered by the Plaintiff is the type of harm that the statutes were enacted to prevent.

35. On or about October 17, 2011, in Adams County, Colorado, all defendants manufactured, sold, and delivered a misbranded drug to the Plaintiff.

36. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

37. The unlawful violations committed by the defendants were a cause of the injuries, damages, and losses of the Plaintiff.

**WHEREFORE**, on his Second Claim for Relief, Plaintiff requests judgment against Defendants, jointly and severally, for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

### THIRD CLAIM FOR RELIEF
### (Professional Negligence – All Defendants)

38. Plaintiff incorporates all other allegations of this complaint as if fully re-written.

39. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

40. At all times Jane Doe and John Doe were licensed pharmacists or technicians in the state of Colorado.

41. At all times Safeway Pharmacy No. 2917, located at 1605 Bridge Street, Brighton, Colorado 80601 was a licensed Pharmacy in the state of Colorado.

42. At all times the Defendants owed a duty to the Plaintiff to accurately fill his prescription.

43. On or about October 17, 2011, in Adams County, Colorado, Safeway, Jane Doe, and John Doe manufactured, sold, and delivered to the Plaintiff a pharmaceutical drug that was different than what was prescribed.

44. The Defendants failed to do what a reasonably careful pharmacy, pharmacist or technician would do under the same or similar circumstances, and did what a reasonably careful pharmacy, pharmacist, or technician would not do under the same or similar circumstances.

45. The acts and omissions of the Defendants were a cause of the injuries, damages, and losses of the Plaintiff.

**WHEREFORE**, on his Third Claim for Relief Plaintiff requests judgment against Defendants, jointly and severally, for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

### FOURTH CLAIM FOR RELIEF
### (Negligent Hiring and Supervision – Willful and Wanton Conduct – Safeway)

46. Plaintiff incorporates all other allegations of this complaint as if fully re-written.

47. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

48. At all relevant times, Safeway employed Jane Doe and John Doe to manufacture, sell, and deliver pharmaceuticals.

49. At all times Safeway owed a duty to its customers to use reasonable care in hiring and

supervising pharmacists and technicians.

50. On information and belief, Safeway failed to use reasonable care in hiring and supervising Jane Doe and John Doe.

51. Safeway actually knew and reasonably should have known that Jane Doe and John Doe created an unreasonable risk of harm to pharmacy customers such as the Plaintiff.

52. Safeway's acts and omissions were reckless and willful and wanton.

53. The acts and omissions of the Defendants were a cause of the injuries, damages, and losses of the Plaintiff.

**WHEREFORE**, on his Fourth Claim for Relief Plaintiff requests judgment against Safeway for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

### FIFTH CLAIM FOR RELIEF
(Vicarious liability— Safeway – for negligence of Jane Doe and John Doe)

54. Plaintiff incorporates all other allegations of this complaint as if fully re-written.

55. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

56. At all times Jane Doe and John Doe acted in the course and scope of their employment as pharmacist or technician.

57. At all times relevant Jane Doe acted and John Doe as Safeway's agents in furtherance of Safeway's business.

58. The acts and omissions of Jane Doe and John Doe are in law the acts and omissions of Safeway.

59. The acts and omissions of the Defendants were a cause of the injuries, damages, and losses of the Plaintiff.

**WHEREFORE**, on his Fifth Claim for Relief Plaintiff requests judgment against Safeway for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted October 14, 2013.

                                                     BENSON & CASE, LLP

                                                     *s/John Case*

                                                     John Case, #2431
                                                   Attorney for Plaintiff

Plaintiff's address is confidential.
The address will be provided pursuant to stipulation or by
Court order limiting dissemination and disclosure to third parties.