IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00188-CMA

**EDWARD HAFFNER**, an individual,

Plaintiff,

v.

**SAFEWAY INC.**, a Delaware corporation.

Defendants.

## SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Edward Haffner, through counsel, BENSON & CASE, LLP, states as his Second Amended Complaint against Defendant:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff Edward Haffner is a resident of Weld County, Colorado.

2. On information and belief, Defendant Safeway, Inc. ("Safeway") is a corporation organized and existing under the laws of Delaware with its principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588. The registered agent for service of process on Safeway in Colorado is the United States Corporation Company, located at 1560 Broadway, Suite 2090, Denver, Colorado 80202.

3. At all times relevant, Safeway owned and controlled the pharmacy at Safeway Store No. 2917, which is located at 1605 Bridge Street, Brighton, Colorado 80601.

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332 because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts and omissions giving rise to the claims asserted in this case occurred in this district.

## COMMON AVERMENTS

6. On or about October 17, 2011, Plaintiff went to Safeway Pharmacy No. 2917 to pick up a refill of prescription number 4542749 ("the prescription").

7. The prescription was for Hydroco/Acetam, a generic form of the pain medication Norco.

8. Plaintiff required the prescription for pain he was experiencing following a knee replacement surgery.

9. Defendant mislabeled and/or misfilled the prescription.

10. The prescription bottle that Plaintiff received was labeled Hydroco/Acetam, but actually contained Alprazolam—a potent anti-anxiety/anti-depressant medication.

11. Plaintiff did not know that the prescription bottle that he received actually contained Alprazolam.

12. The label on the prescription bottle did not provide instructions, including appropriate dosage instructions, for the safe use of Alprazolam.

13. The label on the prescription bottle did not provide warnings concerning the safe use of Alprazolam, including warnings concerning potential drug interactions and/or side effects associated with Alprazolam.

14. The label on the prescription bottle did not advise Plaintiff that the drug in the bottle was actually Alprazolam rather than Hydroco/Acetam.

15. The label on the prescription bottle instructed Plaintiff to take "one or two tablets by mouth every four hours as needed" for pain.

16. Plaintiff took the medication for pain as the label instructed.

17. Plaintiff ingested six (6) tablets of the medication within the first twenty-four (24) hours of receiving it.

18. On information and belief, the maximum safe dose of Alprazolam is three tablets in a twenty-four hour period.

19. By taking the medication as the label instructed, Plaintiff overdosed on Alprazolam.

20. On information and belief, the proper procedure for filling and verifying prescriptions requires that the pharmacists and/or pharmacy technicians compare the pills placed in a patient's prescription bottle with a photo image of the pills that the patient was prescribed.

21. On information and belief, the pharmacists and/or pharmacy technicians who filled and verified Plaintiff's prescription did not compare the Alprazolam pills placed in Plaintiff's prescription bottle with a photo image of the Hydroco/Acetam pills that Plaintiff was prescribed.

22. Current medical and academic research indicates that thousands of people each year suffer injuries as a result of pharmacy errors.

23. Numerous lawsuits have been filed against pharmacies across the country for injuries arising from mislabeled and/or misfilled prescriptions.

24. On information and belief, Safeway has documented numerous incidents of mislabeled and/or misfilled prescriptions at its pharmacies, including at Safeway Pharmacy No. 2917.

25. On information and belief, numerous lawsuits have been filed against Safeway for injuries arising from mislabeled and/or misfilled prescriptions, including prescriptions that were mislabeled and/or misfilled at Safeway Pharmacy No. 2917.

26. As a result of the acts of Defendant, Plaintiff suffered bodily injuries including but not limited to disorientation, blackouts, and unconsciousness. Plaintiff also fell several times, reinjuring his surgically replaced knee.

27. Plaintiff required treatment for his injuries, including but not limited to physical therapy and rehabilitative treatment. Plaintiff suffered damages and losses, including but not limited to bills for medical and rehabilitative treatment, and other general and special economic and non-economic damages and losses. Plaintiff suffered physical and mental pain, permanent physical impairment, temporary and permanent work disability, change in lifestyle, loss of time, lost wages and benefits, lost earning capacity, and loss of enjoyment of life. Plaintiff will continue to suffer such injuries, damages, and losses in the future.

28. The acts of Defendant were attended by circumstances of fraud, malice, and willful and wanton conduct, purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, of without regard to the rights and safety of others, particularly the Plaintiff.

## FIRST CLAIM FOR RELIEF
## (Strict Products Liability)

29. Plaintiff incorporates all other allegations of this complaint as if fully rewritten.

30. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

31. Defendant manufactured, sold, and delivered to Plaintiff a bottle of prescription medication that was labeled Hydroco/Acetam, but that actually contained Alprazolam. Defendant qualified as a "manufacturer" of the prescription in question because it prepared the prescription prior to its sale to Plaintiff, the consumer.

32. At all times relevant, Defendant was in the business of selling prescription medications for use by consumers.

33. At all times relevant, the bottle of Alprazolam that Plaintiff received was in a defective and unreasonably dangerous condition. Specifically, the bottle of Alprazolam was not accompanied by instructions and/or warnings sufficient to fully inform Plaintiff of the full nature and extent of the risks associated with its use. The defective instructions and/or warnings included but are not limited to:

   a. The label on the bottle of Alprazolam did not provide instructions, including appropriate dosage instructions, for the safe use of Alprazolam.

   b. The label on the bottle of Alprazolam did not provide warnings concerning the safe use of Alprazolam, including warnings concerning potential drug interactions and/or side effects associated with Alprazolam.

34. Defendants knew and in the exercise of reasonable care should have known of the dangers associated with the bottle of Alprazolam, as well as of the defective nature of the bottle of Alprazolam. Such knowledge is evidenced by facts including:

      a.     Current medical and academic research indicates that thousands of people each year suffer injuries as a result of pharmacy errors.

      b.     Numerous lawsuits have been filed against pharmacies across the country for injuries arising from mislabeled and/or misfilled prescriptions.

      c.     On information and belief, Safeway has documented numerous incidents of mislabeled and/or misfilled prescriptions at its pharmacies, including at Safeway Pharmacy No. 2917.

      d.     On information and belief, numerous lawsuits have been filed against Safeway for injuries arising from mislabeled and/or misfilled prescriptions at its pharmacies, including prescriptions that were mislabeled and/or misfilled at Safeway Pharmacy No. 2917.

      e.     On information and belief, the proper procedure for filling and verifying prescriptions requires that the pharmacists and/or pharmacy technicians compare the pills placed in a patient's prescription bottle with a photo image of the pills that the patient was prescribed.

      f.     On information and belief, the pharmacists and/or pharmacy technicians who filled and verified Plaintiff's prescription did not compare the Alprazolam pills placed in Plaintiff's prescription bottle with a photo image of the Hydroco/Acteam pills that Plaintiff was prescribed.

35.     The bottle of Alprazolam that Plaintiff received was in the above-described defective and unreasonably dangerous condition at the time that it left Defendant's control.

36. The bottle of Alprazolam was expected to reach, and did reach, Plaintiff without substantial change in the condition in it was sold.

37. The bottle of Alprazolam was provided to Plaintiff and, thus, Plaintiff was a person who Defendant should reasonably have expected to consume the pills therein.

38. Plaintiff used the bottle of Alprazolam exactly as directed, and for its intended purpose.

39. At all times relevant, the bottle of Alprazolam was defective, and Defendant knew that it was to be used by Plaintiff without inspection for defects therein. At the time that Plaintiff consumed the pills, Plaintiff did not know or have reason to know of the aforementioned defects. Plaintiff could not have discovered the defects through the exercise of reasonable care.

40. The bottle of Alprazolam that Plaintiff received was not materially altered or modified prior to its consumption by Plaintiff.

41. The acts of Defendant were a cause of the injuries, damages, and losses of Plaintiff.

**WHEREFORE**, on his First Claim for Relief Plaintiff requests judgment against Defendant Safeway for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
### (Negligence *Per Se*)

42. Plaintiff incorporates all other allegations of this complaint as if fully rewritten.

43. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

44. At all times relevant, the following statutes were in effect in the state of Colorado:

**C.R.S. 25-5-403. Offenses.** (1) the following acts and the causing thereof within this state are prohibited:

(a) the manufacture, sale, or delivery or the holding or offering for sale of any food, drug, device, or cosmetic that is adulterated or misbranded.

**C.R.S. 25-5-415 Misbranding.** (1) A drug or device shall be deemed to be misbranded:

(a) If its labeling is false or misleading in any particular.

45. A purpose of the statutes is to protect consumers, including Plaintiff, from harm caused by misbranded drugs.

46. The harm suffered by Plaintiff is the type of harm that the statutes were intended to prevent.

47. Defendant violated the statutes by manufacturing, selling, and delivering to Plaintiff a bottle of prescription medication that was labeled Hydroco/Acetam, but that actually contained Alprazolam.

48. Defendant's violation of the statutes was a cause of the injuries, damages, and losses of Plaintiff.

**WHEREFORE**, on his Second Claim for Relief, Plaintiff requests judgment against Defendant Safeway for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave

to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

## THIRD CLAIM FOR RELIEF
**(Professional Negligence)**

49. Plaintiff incorporates all other allegations of this complaint as if fully rewritten.

50. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

51. At all times relevant, Safeway Pharmacy No. 2917 was a licensed pharmacy in the state of Colorado.

52. At all times relevant, Defendant owed a duty to its customers, including Plaintiff, to accurately fill their prescriptions.

53. Defendant, by and through employees acting in the course and scope of their employment and in furtherance of Safeway's business, breached that duty by manufacturing, selling, and delivering to Plaintiff a mislabeled and/or misfilled prescription.

54. In manufacturing, selling, and delivering to Plaintiff a mislabeled and/or misfilled prescription, Defendant failed to do what a reasonably careful pharmacy would do under the same or similar circumstances, and did what a reasonably careful pharmacy would not do under the same or similar circumstances.

55. The acts and omissions of Defendant were a cause of the injuries, damages, and losses of Plaintiff.

**WHEREFORE**, on his Third Claim for Relief Plaintiff requests judgment against Defendant Safeway for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief.  Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF
### (Negligent Supervision)

56. Plaintiff incorporates all other allegations of this complaint as if fully rewritten.

57. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

58. At all times relevant, Defendant employed pharmacists and/or pharmacy technicians to manufacture, sell, and deliver pharmaceuticals and/or fill prescriptions.

59. At all times relevant, Defendant owed a duty to its customers, including Plaintiff, to use reasonable care in supervising the pharmacists and/or pharmacy technicians that it employed.

60. Defendant knew and in the exercise of reasonable care should have known that, absent proper supervision, the pharmacists and pharmacy technicians who filled and verified Plaintiff's prescription created an unreasonable of harm to pharmacy customers such as Plaintiff. Such knowledge is evidenced by facts including:

   a. Current medical and academic research indicates that thousands of people each year suffer injuries as a result of pharmacy errors.

    b.    Numerous lawsuits have been filed against pharmacies across the country for injuries arising from mislabeled and/or misfilled prescriptions.

    c.    On information and belief, Safeway has documented numerous incidents of mislabeled and/or misfilled prescriptions at its pharmacies, including Safeway Pharmacy No. 2917.

    d.    On information and belief, numerous lawsuits have been filed against Safeway for injuries arising from mislabeled and/or misfilled prescriptions, including prescriptions that were mislabeled and/or misfilled at Safeway Pharmacy No. 2917.

61.    Despite that knowledge, Defendant failed to exercise reasonable care in supervising the pharmacists and pharmacy technicians who filled and verified Plaintiff's prescription. Such failure is evidenced by facts including:

    a.    On information and belief, the proper procedure for filling and verifying prescriptions requires the pharmacists and pharmacy technicians to compare the pills placed in a patient's prescription bottle with a photo image of the pills that the patient was prescribed.

    b.    On information and belief, the pharmacists and pharmacy technicians who filled and verified Plaintiff's prescription did not compare the Alprazolam pills placed in Plaintiff's prescription bottle with a photo image of the Hydroco/Acetam pills that Plaintiff was prescribed.

62.    The acts and omissions of the Defendant were a cause of the injuries, damages, and losses of the Plaintiff.

**WHEREFORE**, on his Fourth Claim for Relief Plaintiff requests judgment against Defendant Safeway for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF
### (Vicarious Liability)

63. Plaintiff incorporates all other allegations of this complaint as if fully rewritten.

64. Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

65. At all times relevant, Defendant employed the pharmacists and/or pharmacy technicians who filled and verified Plaintiff's prescription to manufacture, sell, and deliver pharmaceuticals.

66. At all times relevant the pharmacists and/or pharmacy technicians who filled and verified Plaintiff's prescription were acting as in the course and scope of their agency and employment with Defendant, and in furtherance of Defendant's business.

67. At all times relevant, the pharmacists and/or pharmacy technicians who filled and verified Plaintiff's prescription were acting within the course and scope of their employment as pharmacists and/or pharmacy technicians.

68. The acts and omissions of the pharmacists and pharmacy technicians who filled and verified Plaintiff's prescription are, in law, the acts and omissions of Defendant.

69. The acts and omissions of the pharmacists and/or pharmacy technicians who filled and verified Plaintiff's prescription were a cause of the injuries, damages, and losses of the Plaintiff.

**WHEREFORE**, on his Fifth Claim for Relief Plaintiff requests judgment against Defendant Safeway for compensatory damages in an amount sufficient to compensate Plaintiff fully for his injuries, damages and losses on all claims for relief. Plaintiff further requests leave to amend this complaint to include a claim for exemplary damages at the appropriate time pursuant to C.R.S. § 13-21-102. Plaintiff further requests prejudgment and post-judgment interest, statutory and moratory, at the highest applicable rate. Plaintiff requests an award of attorney fees and costs of this action, and for such further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: February 28, 2014.

Respectfully submitted,

BENSON & CASE, LLP

/s/ *John Case*

_____

John Case
Kari Jones
Attorneys for Plaintiff
1660 S. Albion Street, Suite #1100
Denver, CO 80222
(303) 757-8300
(303) 753-0444 fax
case@bensoncase.com
kari@bensoncase.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, true and correct copies of the foregoing **SECOND AMENDED COMPLAINT AND JURY DEMAND** were filed via the CM/ECF electronic filing system, which will send notification via email to the following:

Mr. Kevin E. O'Brien, Esq.
Ms. S. Jane Mitchell, Esq.
Hall & Evans, LLP
1001 Seventeenth Street, Suite #300
Denver, CO 80202-2052
*Attorneys for Defendant*

*s/Karen Corner*
Karen Corner